# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 06-349

OLEN G. QUEBEDEAUX, ET UX

VERSUS

SUNSHINE HOMES INC., ET AL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 05-C-3360-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SYLVIA R. COOKS
JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

Christian M. Goudeau
A Professional Law Corporation
407 North Market Street
Opelousas, Louisiana 70570
(337) 942-5766
COUNSEL FOR PLAINTIFFS/APPELLEES:
 Olen G. and Mary T. Quebedeaux

Peter F. Caviness
Dauzat, Falgoust, Caviness, and Bienvenu, L.L.P.
P.O. Box 1450
505 South Court Street
Opelousas, Louisiana 70571
(337) 942-5811
COUNSEL FOR DEFENDANT/APPELLANT:
 Royer Mobile Homes of Opelousas, Inc.

Robert J. David, Jr.
Sue Nations
Kate B. Labue
Juneau Law Firm
(A Professional Law Corporation)
The Harding Center
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, Louisiana 70505-1268
(337) 269-0052
COUNSEL FOR DEFENDANT/APPELLEE:
    Sunshine Homes, Inc.

**COOKS, Judge.**

## STATEMENT OF THE CASE

Royer Mobile Homes of Opelousas, Inc. and Sunshine Homes, Inc. appeal the trial court's denial of their Dilatory Exceptions of Prematurity. They argue the Plaintiffs' cause of action is subject to arbitration. For the reasons assigned below, we affirm the decision of the trial court.

## STATEMENT OF THE FACTS

This case arises out of the purchase of a mobile home. In May of 2003, the Plaintiffs, Olen and Mary Quebedeaux, decided to purchase a mobile home from Royer Mobile Homes of Opelousas, Inc. (Royer). The home was not yet built and was to be manufactured by Sunshine Homes, Inc. in accordance with the Quebedeauxs' specifications. On May 12, 2003, the Quebedeauxs executed a purchase agreement with Royer and deposited $15,000 in earnest money. The purchase agreement detailed the terms of the sale and provided the Quebedeauxs were to pay a balance of $49,260, which represented the purchase price of $64,260 less the $15,000 earnest money. At the bottom of the last page, the purchase agreement contained the following language:

> THIS AGREEMENT CONTAINS THE ENTIRE UNDERSTANDING BETWEEN US AND NO OTHER REPRESENTATION OR INDUCEMENT, VERBAL OR WRITTEN, HAS BEEN MADE WHICH IS NOT SET FORTH HEREIN.

The purchase agreement did not contain an arbitration clause. In addition to the $15,000 earnest money, the record indicates the Quebedeauxs incurred additional expenses of $7,000 for appraisal and site preparation in connection with the purchase of their new home.

On June 4, 2003, Royer notified the Quebedeauxs their home had arrived. Before delivery of the mobile home to the site, the Quebedeauxs were required to sign

several documents including a Bill of Sale, a Health Notice, a Consumer Information form and another document entitled "Acknowledgment and Agreement." This agreement contained an arbitration clause in which the parties agreed to submit any dispute, claim or controversy to an arbitrator in a location selected by the manufacturer. The laws of the State of Alabama would apply to any dispute. The parties waived the right to a jury trial and the cost of arbitration would be apportioned equally between the parties. On that date, the Quebedeauxs tendered the balance due on the home of $49,260 and the home was delivered to the site.

Shortly after taking possession of their home, the Quebedeauxs began to experience structural problems with their mobile home. Their petition alleges the home was not level, the air conditioner was improperly installed and did not adequately heat or cool the home, the bay windows leaked, the front door was not properly sealed, there were holes in the belly board, the clean-outs on the sewer lines were glued shut and were leaking, the floor was uneven at the joints, and the roof shingles were improperly installed causing the roof to leak. Numerous complaints about the problems were made to Royer, and Royer made several attempts to repair the defects to the home. Finally, the Plaintiffs filed a Petition for Redhibition, Breach of Contract, and Damages against Royer and Sunshine Homes. The Plaintiffs also petitioned for an award of attorney's fees. Royer and Sunshine Homes filed a Dilatory Exception of Prematurity. A hearing was held on the exception. The trial court denied the exception relying on two cases from this circuit, *Rodriguez v. Ed's Mobile Homes of Bossier City,* 04-1082 (La.App. 3 Cir. 12/8/04), 889 So.2d 461, *writ denied*, 05-0083 (La. 3/18/05), 896 So.2d 1010; *Abshire v. Belmont Homes, Inc.,* 04-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277, *writ denied*, 05-0862 (La. 6/3/05), 903 So.2d 458. We affirm the decision of the trial court.

4

## LAW AND DISCUSSION

Royer and Sunshine Homes contend the arbitration clause should be enforced for several reasons. They assert Louisiana's public policy strongly favors the resolution of disputes through arbitration, citing Louisiana's arbitration provision contained in La.R.S. 9:2401. Royer and Sunshine Homes assert there is no evidence to suggest that the arbitration clause was unilaterally imposed upon the Quebedeauxs after the terms of the sale were finalized. Finally, they argue there is no evidence that the Quebedeauxs were compelled to enter into the Acknowledgment and Agreement. In fact, they argue that the Quebedeauxs could have refused to sign the document with the arbitration agreement and "unilaterally cancelled the contract, forfeiting only their earnest money deposit if they did not want to agree to arbitration. But they chose not to do so." In support of their position, Royer and Sunshine Homes offered the testimony of Mr. Allen Amy, owner of Royer Mobile Homes.

Mr. Amy testified he spoke to the Quebedeauxs after they had signed the Purchase Agreement in May 2003 and he accepted earnest money of $15,000. He testified: "We received two checks for I think the amount of fifteen thousand dollars worth of earnest money." The receipt for the $15,000, which is contained in the record, indicates the money was designated as earnest money and was not a deposit on account of the price. Although Mr. Amy testified he would have returned the $15,000 to the Quebedeaux if they were not satisfied with their home, he did not testify that he would have returned the earnest money if the Quebedeauxs had refused to sign the final sale documents because of the arbitration clause.

The Quebedeauxs contend the arbitration clause which was contained in the Acknowledgment and Agreement is not valid because it was not part of the sales transaction. The Quebedeauxs contend sale of the mobile home was perfected on

5

May 12, 2003 when both parties signed the purchase agreement and placed the order for the home with Sunshine Homes.

We have examined the record and find the agreement to purchase the mobile home contained all of the agreed upon provisions for a final sale and delivery of the mobile home. It is undisputed Royer would not have delivered the mobile home to the site in June 2003 if the Quebedeauxs had refused to sign the noted documents at the time of delivery. Mr. Quebedeaux testified he was called and told the mobile homes was ready for delivery but the home would not be delivered unless he executed the final documents at Royer's. He testified: "He told me I had to go down there and sign the papers for this trailer or he was not going to deliver my home. And I said well I'm on my way, if you're not going to deliver my home I'm coming." Mr. Quebedeaux stated he did not realize the agreement contained an arbitration clause until later when copies were mailed to him.

The facts in *Rodriguez v. Ed's Mobile Homes of Bossier City, Louisiana*, 2004-1082 (La.App. 3 Cir. 12/8/04), 889 So.2d 461, *writ denied*, 2005-C-0083 (La. 3/18/05), 896 So.2d 1010, are very similar to the facts in this case. In *Rodriquez,* on May 23, 2000, the Plaintiffs executed a purchase agreement for a mobile home and made a down payment of $7,000. The purchase agreement provided for a forfeiture of the earnest money if the purchase was not completed. On June 16, 2000, the plaintiffs met with a representative of Ed's Mobile Homes to sign the closing papers for purchase of the mobile home. This agreement contained an arbitration clause. When the Rodriguezes experienced problems with their mobile home, they filed a suit in redhibition. Ed's filed an exception of prematurity based on the an arbitration clause in the act of sale. The trial court denied the exception. In affirming, this court found the "parties had already agreed upon the terms of contract of sale before

6

closing, and binding arbitration was not one of them. . . . A party cannot, unilaterally, assign additional consideration for the perfection of a sale." *Id.* at 464. Additionally, this court stated:

> We recognize that Louisiana public policy strongly favors the resolution of disputes through the arbitration process. However, this does not mean that all arbitration provisions are valid under state law. The state arbitration statute provides that "[a] provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract."
>
> One of the conditions of a valid contract is the consent of both parties. Consent may be vitiated by error. Error can "invalidate a contract if it is related to the principle cause, or motive, for making the agreement" and is "known or should have been known to the other party." Cause is the "reason why a party obligates himself."
>
> In the case at bar, the Rodriguezes testified that when they signed the original agreement and made their down payment of $7000.00, there was no discussion of the requirement of an arbitration or mediation agreement. The latter was presented to them, for the first time, at closing; they signed it because they thought they "*had to*" in order to get delivery of their mobile home.

*Id.* at 463-464. (footnotes omitted). *See also, Abshire* 896 So.2d 277, *writ denied*, 05-0862 (La.6/3/05), 903 So.2d 458.

In the present case, we find the Quebedeauxs correctly concluded they had to execute the final sale documents in order to get delivery of their home. There was no discussion about nor did they agree to the arbitration clause. Royer unilaterally added the arbitration clause to the final contract of sale. Moreover, had the Quebedeauxs refused to sign the document containing the arbitration clause they would have forfeited the $15,000 deposit and lost the additional $7,000 already expended preparing the site. Therefore, we find the Quebedeauxs' consent to arbitration was vitiated by error.

**DECREE**

Based on the foregoing review of the record, we affirm the decision of the trial court. All costs of this appeal are assessed to Royer Mobile Homes of Opelousas, Inc. and Sunshine Homes, Inc.

**AFFIRMED**.